```
                    IN THE UNITED STATES DISTRICT COURT FOR
                       THE EASTERN DISTRICT OF PENNSYLVANIA

DEVON WHITE                     :    CIVIL ACTION NO.
6823 LYNFORD STREET             :    10-478
PHILADELPHIA, PA 19149          :
                                :
                                :
        V.                      :
                                :
THE CITY OF PHILADELPHIA        :
C/O CITY OF PHILADELPHIA        :
LAW DEPARTMENT                  :
1515 ARCH STREET, 14TH          :
FLOOR                           :
PHILADELPHIA, PA 19102          :    JURY TRIAL DEMANDED
                                :
        AND                     :
                                :
DETECTIVE WILLIAM FIALA         :
C/O CITY OF PHILADELPHIA        :
LAW DEPARTMENT                  :
1515 ARCH STREET, 14TH FL.      :
PHILADELPHIA, PA 19102          :
                                :
        AND                     :
                                :
POLICE OFFICER MICHAEL          :
KELLY                           :
C/O CITY OF PHILADELPHIA        :
LAW DEPARMENT                   :
1515 ARCH STREET, 14TH FL.      :
PHILADELPHIA, PA 19102          :
                                :
        AND                     :
                                :
POLICE OFFICER RAYMOND          :
MASCHIOCCHI                     :
C/O CITY OF PHILADELPHIA        :
LAW DEPARTMENT                  :
1515 ARCH STREET, 14TH FL.      :
PHILADELPHIA, PA 19102          :
                                :
```



AUG 12 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## AMENDED COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. S 1983. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1), (3) (4) and the aformentioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

### PARTIES

2. Plaintiff, Devon White who has an address of 6823 Lynford Street, Philadelphia, PA.

3. Defendant, the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employes the currently unamed and unknown City of Philadelphia Police Officers referred to in the caption above.

4. The City of Philadelphia Police Officers (from hereinafter, "the police" of the Police Officers" named in the caption above, are employees of the City of Philadelphia, and at all times relevant to the averments of this Complaint were acting under color of state law, and are being sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

5. On February 2, 2009, Plaintiff was arrested in Philadelphia for robbery at/around Castor Avenue, between Magee Street and Unruh Street.

6. At the time of his arrest, Plaintiff was with two friends of his and they were in the process of buying food inside of the restaraunt - "China City".

7. The police searched Plaintiff, and his companions, and found no weapons, money or other objects indicative of a robbery.

8. Plaintiff told the police that he had just left his home five minutes prior, walking in that period of time to buy the food at China City.

9. The police told Plaintiff that the robbery had just occurred at gunpoint.

10. Plaintiff's aunt, who was an alibi witness that he was in her home at the time of alleged robbery (according to police five minutes ago), came to the scene of the arrest, and told the police that Plaintiff had been in her house at the time of the arrest.

11. The police handcuffed and arrested Plaintiff and one of his companions, but upon information and belief, let the other companion go.

12. Plaintiff, who was under the age of eighteen at the time, was taken to the Pennsylvania Industrial Correction Center (PICC) and then was taken to the House of Corrections (HOC).

13. The police did not provide Plaintiff with a description of the alleged robbery suspects.

14. Plaintiff was charged as an adult with robbery and illegal gun

possession.

15. Between the time of his arrest and June 22, 2009, three preliminary hearings were scheduled, however, no evidence was ever presented against Plaintiff, and the charges were dismissed against him, on/around June 22, 2009.

16. Plaintiff was incarcerated from the time of his arrest on February 2nd until June 22, 2009; the Police never held a lineup; Plaintiff was denied bail.

17. At the time of his arrest, one of the police officers stated that "he knew Plaintiff" (or words substantially similar).

18. Upon information and belief, Plaintiff believes that he was arrested in large part, because he is African-American (Black) and the alleged suspects were Black.

19. As a result of his arrest and incarceration, Plaintiff suffered and continues to suffer extreme emotional distress - including trauma from being assaulted by another inmate, and witnessing inmates being beaten and stabbed while he was incarcerated.

20. The Philadelphia Police Department had neither probable cause or reasonable suspicion to arrest Plaintiff, particularly when he had a credible alibi witness, whom the police arbitrarily chose to ignore.

## FIRST CAUSE OF ACTION

21. Plaintiff incorporates paragraphs 1-20 above as though fully set forth herein by reference.

22. As a direct and proximate result of the Defendants' conduct, including that of the City of Philadelphia and its' Police Department and Police Officers, which was committed under color of state law, Plaintiff was deprived of his right to be free from false arrest, unreasonable and excessive force, unlawful seizure, and false imprisonment. As a result of the Defendants'conduct Plaintiff suffered violation of his rights under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

23. As a direct and proximate result of the acts of the Defendants, Plaintiff

has suffered and conintues to suffer severe emotional distress, loss of enjoyment of life, and economic loss, all to his detriment and harm.

24. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following police patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Intentionally falsely arresting citizens of Philadelphia, with the knowledge that they do not have sufficient evidence to satisfy probable cause, and conspiring to have such citizens arrested with misleading and/or stale evidence, upon their malicious desire to have persons who have committed crimes in the past further punished for those crimes, with the knowledge that they have served their sentences for the prior crimes; arresting suspects based on racial considerations, e.g., racial profiling.

b. The use of unreasonable force, including potentially deadly force, excessive force and unlawful seizure by police;

c. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

d. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were subject of prior civilian or interal complaints of misconduct;.

f. Police officers' use of their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's Office and the Court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished, including ex-convicts who have served their sentences, persons whom they have either previously arrested, or simply have stereotyped as being criminals.

g. Unlawful arrest, or to achieve ends not reasonably related to their police duties;and

h. The failure of police officers to follow established policies, procedures,

directives and instructions regarding how to properly investigate crimes.

25. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and/or aid and abet violations of constitutional rights of citizen by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

26. Defendants have by the above described actions deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. S 1983.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable Attorney's Fees and Costs;
d. Such other and further relief as appears reasonable and just;
e. A jury trial as to each Defendant as as to each count.

SECOND CAUSE OF ACITON
SUPPLEMENTAL STATE CLAIMS

27. Plaintiff incorporates paragraphs 1-26 above as though fully set forth herein.

28. The acts and conduct of the City of Philadelphia Defendants, including its' Police Officers, in this cause of action constitute assault, battery, defamation, invasion of privacy, including false light privacy, intentional infliction of emotional distress, and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;
b. Punitive damages;
c. Reasonable Attorney's fees and costs;
d. Such other and further relief as appears reasonable and just; and
e. A jury trial as to each Defendant and as to each count.

Respectfully submitted,

_____
Reginald Allen, Esquire
Attorney ID No. 77083
7601 Crittenden Street
Unit F-12
Philadelphia, PA 19118
(215) 242-3875
Attorney for Plaintiff